MCGREGOR W. SCOTT
United States Attorney
KIMBERLY A. SANCHEZ
ROSS PEARSON
MICHAEL G. TIERNEY
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:18-CR-207-NONE |
|---|---|
| Plaintiff, | STIPULATION TO CONTINUE TRIAL; FINDINGS AND ORDER |
| v. | |
| FRANCISCO LIZANO, ET AL., | |
| Defendants. | |

**INTRODUCTION**

By previous order, this matter was set for trial on September 29, 2020. Expert disclosures were due no later than August 14, 2020. By this stipulation and due to the need for further trial preparation and in light of the global COVID-19 pandemic, all parties now move to continue the trial until February 2, 2021, and to exclude time between September 29, 2020, and February 2, 2021. The parties also wish to re-set the expert disclosure deadline for December 4, 2020. Finally, they request a motions hearing on December 29, 2020.

**BACKGROUND**

1. Beginning in March 2020, this Court issued a series of General Orders in response to emergency conditions related to the COVID-19 global pandemic. In May 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further

notice.

2. Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

3. Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

4. The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

5. In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the

ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1]

**STIPULATION**

6.   By previous order, this matter was set for trial on September 29, 2020.   Expert disclosures were due August 14, 2020.

7.   By this stipulation, at defendants' request, the parties now move to continue the trial until February 2, 2021, and to exclude time between September 29, 2020, and February 2, 2021.

8.   The parties request that the new expert disclosure deadline be December 4, 2020.

9.   The parties request a motions hearing on December 29, 2020.

10.   The parties agree and stipulate, and request that the Court find the following:

   a)   The government has represented that the discovery in this case is voluminous. To date, the government has produced over 2,500 pages of wiretap applications and orders; 75 reports from the Fresno Sheriff's Office and the California Department of Justice; wiretap data, pen register data, and precise location data totaling 186,000 files or 45 gigabytes of data; search warrant photos for multiple locations, totaling over 8 gigabytes of data; surveillance footage; criminal histories; interview reports and audio; almost 900 reports from FBI, HSI, and California Department of Justice; search warrants; forensic reports (as the forensic reports are completed); approximately 75 cell phone reports, consisting of half a terabyte of data; returns from Facebook search warrants; and additional translations and transcriptions of intercepted calls and messages.

   b)   Counsel for the defendants and the government desire additional time to continue to review discovery, discuss the charges with their clients, conduct research related to the charges, discuss potential resolutions with their clients, prepare pretrial motions, and otherwise prepare for trial.

   c)   Counsel for the defendants and the government believe that a continuance will provide them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

---

[1] The parties note that General Order 618 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).

d) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act. Therefore, for the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 29, 2020 to February 2, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

e) In addition, this case involves nine remaining defendants and four charges—including a multi-year drug conspiracy and two charges of violent crime in aid of racketeering—and wiretaps of over 30 different phones and twenty different Facebook accounts. The government estimates that it will take at least nine trial days to try this case, and the trial will involve several hundreds of intercepted messages and calls, testimony from dozens of witnesses, multiple expert witnesses, and surveillance from several different days in different parts of the state.

f) Counsel for the defendants and the government therefore believe that this case is so complex, due to the number of defendants and the nature of the prosecution that it is unreasonable to expect adequate preparation in the time allotted by the Speedy Trial Act. Therefore, for the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 29, 2020 to February 2, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(ii) because it results from a continuance granted by the Court in a case that is so complex due to the number of defendants and the nature of the prosecution that it is unreasonable to expect adequate preparation in the time allotted by the Speedy Trial Act, and therefore the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

11. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

| | |
|---|---|
| Dated:  August 27, 2020 | McGREGOR W. SCOTT<br>United States Attorney<br><br>/s/ KIMBERLY A. SANCHEZ<br>KIMBERLY A. SANCHEZ<br>Assistant United States Attorney |
| Dated:  August 27, 2020 | /s/ E. MARSHALL HODGKINS, III<br>E. MARSHALL HODGKINS, III<br>Counsel for Defendant<br>FRANCISCO LIZANO |
| Dated:  August 27, 2020 | /s/ BARBARA O'NEILL<br>BARBARA O'NEILL<br>Counsel for Defendant<br>JEFFERSON GUEVARA |
| Dated:  August 27, 2020 | /s/ MICHAEL J. AED<br>MICHAEL J. AED<br>Counsel for Defendant<br>EVER MEMBRENO |
| Dated:  August 27, 2020 | /s/ W. SCOTT QUINLAN<br>W. SCOTT QUINLAN<br>Counsel for Defendant<br>LORENZO AMADOR |
| Dated:  August 27, 2020 | /s/ ROGER D. WILSON<br>ROGER D. WILSON<br>Counsel for Defendant<br>JOSE WILSON NAVARETTE-MENDEZ |

| | |
|---|---|
| Dated:  August 27, 2020 | /s/ JOHN F. GARLAND<br>JOHN F. GARLAND<br>Counsel for Defendant<br>DENIS RODOLFO ALFARO-TORRES |
| Dated:  August 27, 2020 | /s/ NICHOLAS CAPOZZI<br>NICHOLAS CAPOZZI<br>Counsel for Defendant<br>SANTOS BONILLA |
| Dated:  August 27, 2020 | /s/ ROGER S. BONAKDAR<br>ROGER S. BONAKDAR<br>Counsel for Defendant<br>HENRY BONILLA |
| Dated:  August 27, 2020 | /s/ DANIEL L. HARRALSON<br>DANIEL L. HARRALSON<br>Counsel for Defendant<br>CHRISTIAN HIDALGO |

**FINDINGS AND ORDER**

IT IS SO ORDERED.

Dated:  **August 28, 2020**                                             
                                    UNITED STATES DISTRICT JUDGE