MCGREGOR W. SCOTT
United States Attorney
KIMBERLY A. SANCHEZ
ROSS PEARSON
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>FRANCISCO LIZANO,<br><br>　　　　　　　Defendant. | CASE NO. 1:18-CR-00207-NONE<br><br>STIPULATION REGARDING USE OF VIDEOCONFERENCING DURING PLEA HEARING; FINDINGS AND ORDER<br><br>DATE: December 10, 2020<br>TIME: 9:00 a.m.<br>COURT: Hon. Dale A. Drozd |

## BACKGROUND

A change of plea in this matter is currently scheduled for December 10, 2020. On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The CARES Act empowered the Judicial Conference of the United States and Chief District Judges to authorize plea and sentencing hearings by video or telephonic conference when 1) such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;" and 2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *Id.*, Pub. L. 116-23 § 15002(b)(2).

On March 29, 2020, the Judicial Conference of the United States made the findings required by the CARES Act, concluding that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the

STIPULATION REGARDING HEARING　　　　1

1  functioning of the federal courts generally."

2  On June 29, 2020, the Chief Judge of this District, per General Order 620, also made the findings
3  required by the CARES Act: "[F]elony pleas under Rule 11 of the Federal Rules of Criminal Procedure
4  and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted
5  in person without seriously jeopardizing public health and safety."  Accordingly, the findings of the
6  Judicial Conference and General Order 620 establish that plea and sentencing hearings cannot take
7  safely take place in person.

8  In order to authorize plea hearings by remote means, however, the CARES Act—as implemented
9  by General Order 620—also requires district courts in individual cases to "find, for specific reasons, that
10 felony pleas or sentencings in those cases cannot be further delayed without serious harm to the interests
11 of justice."  General Order 620 further requires that the defendant consent to remote proceedings.
12 Finally, the remote proceeding must be conducted by videoconference unless "videoconferencing is not
13 reasonably available."  In such cases, district courts may conduct hearings by teleconference.

14 The parties hereby stipulate and agree that each of the requirements of the CARES Act and
15 General Order 620 have been satisfied in this case.  They request that the Court enter an order making
16 the specific findings required by the CARES Act and General Order 620.  Specifically, for the reasons
17 further set forth below, the parties agree that:

18 1) The change of plea in this case cannot be further delayed without serious harm to the
19 interest of justice, given the public health restrictions on physical contact and court closures existing in
20 the Eastern District of California; and

21 2) The defendant waives his physical presence at the hearing and consents to remote hearing
22 by videoconference and counsel joins in that waiver.

23 **STIPULATION**

24 Plaintiff United States of America, by and through its counsel of record, and defendant, by and
25 through defendant's counsel of record, hereby stipulate as follows:

26 1. The Governor of the State of California declared a Proclamation of a State of Emergency
27 to exist in California on March 4, 2020.

28 2. On March 13, 2020, the President of the United States issued a proclamation declaring a

National Emergency in response to the COVID-19 pandemic.

3. In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and other public health authorities have suggested the public avoid social gatherings in groups of more than 10 people and practice physical distancing (within about six feet) between individuals to potentially slow the spread of COVID-19.  The virus is thought to spread mainly from person-to-person contact, and no vaccine currently exists.

4. These social distancing guidelines – which are essential to combatting the virus – are generally not compatible with holding in-person court hearings.

5. On March 17, 2020, this Court issued General Order 611, noting the President and Governor of California's emergency declarations and CDC guidance, and indicating that public health authorities within the Eastern District had taken measures to limit the size of gatherings and practice social distancing.  The Order suspended all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.

6. On March 18, 2020, General Order 612 issued. The Order closed each of the courthouses in the Eastern District of California to the public.  It further authorized assigned district court judges to continue criminal matters after May 1, 2020 and excluded time under the Speedy Trial Act.  General Order 612 incorporated General Order 611's findings regarding the health dangers posed by the pandemic.

7. On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's "critically low resources across its heavy caseload."  The report accompanying the Judicial Council's declaration analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in weighted filings) and its shortage of judicial resources (the District is currently authorized only six district judges; two of those positions are currently vacant and without nominations).  The report further explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its guidance regarding gatherings of individuals.

8. On April 17, 2020, General Order 617 issued, continuing court closures through June 1,

2020 and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

9. On May 13, 2020, General Order 618 issued, continuing court closures until further notice and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

10. Given these facts, it is essential that Judges in this District resolve as many matters as possible via videoconference and teleconference during the COVID-19 pandemic.  By holding these hearings now, this District will be in a better position to work through the backlog of criminal and civil matters once in-person hearings resume.

11. The change of plea hearing in this case accordingly cannot be further delayed without serious harm to the interests of justice. The defendant has an interest in resolving the case by pleading guilty. Were this Court to delay the change of plea hearing until a time when the proceeding may be held in person, it would harm the defendant's interest in resolving his case. In addition to the defendant, the public has an interest in a timely resolution of this case.  If the Court were to delay this hearing until it can be held in-person, it would only add to the enormous backlog of criminal and civil matters facing this Court, and every Judge in this District, when normal operations resume.

12. Under CARES Act § 15002(b), defendant consents to proceed with this hearing by video-teleconference.  Counsel joins in this consent.

IT IS SO STIPULATED.

Dated:  December 9, 2020                                    McGREGOR W. SCOTT
                                                            United States Attorney


                                                            /s/ ROSS PEARSON
                                                            ROSS PEARSON
                                                            Assistant United States Attorney


Dated:  December 9, 2020                                    /s/ MARSHALL HODGKINS
                                                            MARSHALL HODGKINS
                                                            Counsel for Defendant
                                                            FRANCISCO LIZANO
                                                            (Authorized by email on
                                                            December 9, 2020)

STIPULATION REGARDING HEARING                4

**FINDINGS AND ORDER**

1. The Court adopts the findings above.

2. Further, the Court specifically finds that:

    a) The change of plea hearing in this case cannot be further delayed without serious harm to the interest of justice; and

    b) The defendant has waived his physical presence at the hearing and consents to remote hearing by videoconference.

3. Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act and General Order 620, the plea hearing in this case will be conducted by videoconference.

IT IS SO ORDERED.

Dated: __December 9, 2020__      _____Dale A. Drozd_____
                                            UNITED STATES DISTRICT JUDGE